**UNITED DISTILLERS PRODUCTS COR-
PORATION, Petitioner,**

v.

**H. L. HENNEBERRY, Assistant Regional
Commissioner, Respondent.**

**No. 12457.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 21, 1957.

Decided April 18, 1957.

Mr. Patrick J. Ogden, Jr., Washington, D. C., with whom Mr. Paul F. Leonard, Washington, D. C., was on the brief, for petitioner.

Mr. Daniel M. Friedman, Attorney, Department of Justice, for respondent. Mr. Charles H. Weston, Attorney, Department of Justice, also entered an appearance for respondent.

Before EDGERTON, Chief Judge, and FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

Petitioner asks this Court to set aside an order of the Alcohol and Tobacco Tax Division, Internal Revenue Service, denying petitioner's applications, filed under section 4 of the Federal Alcohol Administration Act, 49 Stat. 978 (1935), as amended, 27 U.S.C.A. § 204, (1) for seven basic alcoholic beverage permits, and (2) for return to petitioner of certain basic permits which it contends remain in full force and effect.

Petitioner, a corporation, has engaged in distillery and related alcoholic beverage operations in Connecticut under federal permits issued between the years 1935 and 1941. On August 9, 1950, petitioner notified respondent, Assistant Regional Commissioner, then known as District Supervisor, that 98 of the 100 outstanding shares of stock of the corporation, previously registered on its books in the name of the wife of N. Tully Semel, petitioner's president, had as of that day been transferred on the books to him.[1] The Acting District Supervisor advised petitioner by letter of August 18, 1950, that this transfer of stock "constitutes a change in the control and management of the business * * * necessitating the issuance of a new basic permit under the Federal Alcohol Act." See Section 4(g) (2) of the Act. Application forms for the requisite permits were enclosed, with the request that upon submitting the applications petitioner surrender its existing permits. This was done and it is these surrendered permits which petitioner contends should be returned to it as in full force and effect.

After extensive investigation respondent notified petitioner that disapproval of its applications was contemplated.[2] There followed a lengthy hearing upon specified grounds, eventuating in disapproval of the applications on the statutory ground that petitioner, "by reason of his business experience, financial standing, or trade connections, [is] not likely * * * to maintain such operations in conformity with Federal law * * *." Section 4(a) (2) (B) of the Act.

Petitioner basically urges two reasons for setting aside the resulting order, first, that the transfer of stock

---

1. The letter stated: "Please be advised that 98 shares of stock of Mrs. Ruth Semel have been transferred to N. Tully Semel on our books as of this day" and was signed in the name of petitioner, by its president, N. Tully Semel.

2. Under the section 4(g) the filing of new applications within 30 days of termination of the old continues the latter in effect pending decision on the issuance of new permits.

did not automatically terminate the existing permits, and that there should have been a hearing as to whether the transfer brought about a change in the control and management of the business;[3] and, secondly, that the essential findings which led respondent to conclude that petitioner was not likely to maintain its operations in conformity with federal law are not supported by substantial evidence.[4]

We think no useful purpose would be served by a lengthy opinion directed to either of these contentions. In all the circumstances here presented including petitioner's failure promptly to challenge the letter of August 18, 1950,[5] we are satisfied that the decision of respondent in respect to both matters was within his administrative competence under the Act and is supported by substantial evidence in the record considered as a whole.[6]

Affirmed.

3. Section 4(g) (2) provides that a basic permit "shall be automatically terminated" if "actual or legal control of the permittee" is acquired by another.

4. Petitioner does not contend that the findings, if supported by substantial evidence, do not bring the denial of the applications within the terms of section 4(a) (2) (B). Cf. Levers v. Berkshire, 10 Cir., 159 F. 2d 689, 694.

5. Cf. Mid-Valley Distilling Corp. v. De-Carlo, 3 Cir., 161 F.2d 485.

6. Furthermore, objections urged by petitioner to the admission of evidence do not relate to matters of such significance to the administrative decision as to warrant reversal of the action taken. Cf. Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 229–230, 59 S.Ct. 206, 83 L.Ed. 126.